UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MORGANTI GROUP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The plaintiff, The Morganti Group, Inc., by and through its attorneys, Hinckley, Allen & Snyder LLP, brings this action against the defendant, Zurich American Insurance Company, as a result of the defendant's breach of contract of a policy of Builder's Risk insurance. The plaintiff also seeks declaratory relief in the form of an order of the Court declaring that the plaintiff's claims are covered by the Builder's Risk insurance policy at issue, and that the defendant is therefore liable to the plaintiff for its damages. The plaintiff alleges as follows:

## PARTIES

1. The plaintiff, The Morganti Group, Inc. ("Morganti"), is a corporation organized and existing under the laws of the State of Connecticut with a principal office located in Danbury, Connecticut. Morganti is in the business of construction, and is authorized to transact business in the State of New York.

2. The defendant, Zurich American Insurance Company ("Zurich"), is an insurance company organized and existing under the laws of the State of New York. Upon information an belief, Zurich's principle place of business is located in Schaumburg, Illinois. Zurich is licensed

1

to transact business, and is authorized to write insurance, in the State of New York.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is the subject of the action is situated.

## FACTUAL ALLEGATIONS

### The Project

5.     On January 14, 2022, Morganti received a Notice of Award from, and entered into a Construction Contract ("Contract") in the lump-sum amount of $57,799,000 with, the New York City School Construction Authority ("NYCSCA") for Morganti to construct a new three-story addition for Public School 138X located at 2060 Lafayette Avenue, Bronx, New York 10457 ("Project").

6.     The Contract required the NYCSCA to maintain an Owner-Controlled Insurance Program ("OCIP") that included the coverages listed in the NYCSCA's OCIP Insurance Manual, which included Builder's Risk insurance.

### The Policy

7.     Under the OCIP, the NYCSCA purchased and obtained from Zurich, through Marsh USA, Inc. ("Marsh"), as producer, a Master Builder's Risk Policy, which is identified by policy number MBR 0422382-00, and which contained a policy period from April 1, 2023 through April 1, 2026 ("Policy").

2

8.  Zurich, for a valuable premium, provided the Policy to the NYCSCA, as the Named Insured, for the protection and insurance coverage for the Project from various risks during the term of construction.

9.  As the Project general contractor under the Contract with the NYCSCA, Morganti is also an Insured under the Policy.

10. The Policy covered Morganti's work at the Project, as well as the work of Morganti's subcontractors and the Project itself.

11. The Policy provides that Zurich will pay for direct physical loss of, and damage to, property caused by a covered cause of loss at the Project.

12. The Policy provides, in the event of loss or damage, that Zurich shall undertake the following:

   a. Pay the amount of the loss or damage;

   b. Pay the cost of repairing or replacing the lost or damaged property;

   c. Take all or any part of the property at any agreed or appraised value; or

   d. Pay the cost to repair, rebuild or replace the property with other property of like kind and quality.

13. The Policy includes a Maximum Occurrence Limit of Liability of $100,000,000 per occurrence. The Policy also includes several Coverage Extensions with various sub-limits.

## The Loss

14. On July 7, 2023, during placement of concrete on the third floor of the Project by Morganti's subcontractor, J&A Concrete Corporation ("J&A"), the concrete formwork collapsed causing resulting property damage to the Project (the "Loss").

15. At the time of the Loss, Zurich insured Morganti, the Project, and consequently,

the Loss.

16. At the time of the Loss, Morganti was an Insured under the Policy.

17. On or about July 7, 2023, Morganti provided timely notice to the NYCSCA of the Loss. In turn, the NYCSCA and Morganti provided timely notice to Zurich. Morganti made a timely claim under the Policy for the Loss.

18. After the Loss, Morganti and its subcontractors immediately took measures to protect the Project and mitigate further damage and loss.

19. Thereafter, and as directed by the NYCSCA, Morganti and its subcontractors performed work at significant cost to remediate and repair the resulting property damage caused by the Loss.

20. Since the Loss, Morganti and its subcontractors have incurred, and continue to incur, costs and expenses to remediate the Loss and mitigate the impacts of the Loss on the Project as directed by the NYCSCA in order to achieve the scheduled completion dates per the Contract.

21. The NYCSCA has threatened to assess against Morganti liquidated damages in accordance with the provisions of the Contract, as a result of the impacts caused by the Loss.

22. As a result of the Loss, Morganti has incurred significant costs and expenses for which it is entitled to coverage as an Insured under the Policy.

**Zurich's Breaches**

23. Since the Loss, Morganti has cooperated in good faith with the investigation of the Loss conducted by Zurich and its agents.

24. Morganti provided the NYCSCA, as the Named Insured on the Policy, with proper and timely notice of Morganti's claim as well as all requested supporting documents.

25. Morganti provided to Zurich's producer, Marsh, incident reports, witness statements, damage estimates, Project records and other documents requested by Marsh, as agent of Zurich. Marsh was involved with Morganti's claim by at least July 14, 2023 – within days of the Loss.

26. Morganti also timely provided to Zurich's claim adjuster, McLarens, LLC ("McLarens"), incident reports, witness statements, Project records, loss statements and other documents requested by McLarens, as agent of Zurich. Zurich did not involve McLarens with Morganti's claim until August 25, 2023 – which is 49 days after the Loss.

27. Morganti provided to Zurich's engineer, Thornton Tomasetti, Inc. ("Thornton Tomasetti"), incident reports, witness statements, Project records, Project photographs, engineering reports and other documents requested by Thornton Tomasetti, as an agent of Zurich. Zurich did not involve Thornton Tomasetti with Morganti's claim until November 8, 2023 – which is 124 days after the Loss.

28. Morganti fully cooperated with the investigation of Zurich and its agents, including providing Zurich and its agents with all requested documents and information as well as participating in meetings with Zurich and its agents. However, Zurich and its agents delayed investigating and adjusting Morganti's claim.

29. Morganti repeatedly requested that Zurich and its agents provide status updates on the claim as well as to provide a response to the claim. However, Zurich and its agents delayed responding to Morganti's claim without any justification.

30. Since the Loss, Zurich and its agents have refused to provide timely updates on the status of the claim, refused to provide Morganti with investigative reports, refused to timely provide Morganti with Thornton Tomasetti's engineering report, refused to timely respond to

5

Morganti's claim, refused to timely and properly investigate and evaluate the Loss and Morganti's claim, and refused to pay or advance any funds to Morganti.

31. Zurich, and its agents, were well aware that, since the Loss, Morganti and its subcontractors funded the costs and expenses to remediate and repair the damages caused by the Loss as well as the costs and expenses to mitigate impacts caused by the Loss to attempt to achieve the Project completion dates.

32. Zurich, and its agents, were well aware that timely responses to Morganti's claim, timely action under the Policy and timely payment of the covered Loss was required to avoid further damage to Morganti and further impacts to the Project.

33. Morganti has submitted statements of loss to Zurich and its agents setting forth the costs and expenses that Morganti and its subcontractors have incurred, and anticipates will incur, as a result of the Loss.

34. Zurich has refused to make any payments to Morganti for any costs, expenses or damages that Morganti has incurred as a result of the Loss.

35. Zurich and its agents have further delayed, and continue to further delay, the Project, as a result of Zurich's failure to acknowledge coverage for the Loss and to pay Morganti's claim.

36. On March 5, 2024 – 8 months after the Loss – Morganti finally received Zurich's reservation of rights letter, which was dated February 26, 2024 and sent directly to the NYCSCA. Not only was Zurich's reservation of rights letter untimely, but the letter also contain false and incorrect information as well as baseless assertions.

37. On March 8, 2024, Morganti responded to Zurich's reservation of rights letter and disputed the assertions made by Zurich.

38. On April 25, 2024, Zurich provided a further response to Morganti acknowledging that certain damage to the Project caused by the Loss was covered by the Policy, but refusing to extend coverage for other damage to the Project caused by the Loss and reusing to provide compensation for any of the damages Morganti incurred contrary to the obligations under the Policy.

39. On July 1, 2024, Morganti responded to Zurich's April 25, 2024 letter, disputed the assertions made by Zurich and provided additional information supporting Morganti's claim on the Policy.

40. On September 24, 2024, Morganti wrote to Zurich advising that Zurich failed to provide any response to Morganti's July 1, 2024 letter.

41. On September 25, 2024, Zurich forwarded by email to Morganti a letter dated August 19, 2024 that Zurich admittedly failed to previously send to Morganti. Zurich restated its erroneous coverage position. In addition, Zurich acknowledged for the first time (more than one year after the Loss) that Morganti is an additional insured under the Policy, despite having the information necessary to make such a determination months earlier.

42. Zurich also stated in the August 19, 2024 letter that "Zurich will evaluate on a 'without prejudice basis' whether any ensuing loss exceeds the $100,000 deductible. Nonetheless, given the untimely notification of loss, Zurich continues to advise that coverage may be forfeited in any event." Zurich, however, failed to properly and timely evaluate whether the Loss exceeds the Policy deductible.

43. On September 26, 2024, Morganti responded to Zurich's August 19, 2024 letter, disputed the assertions made by Zurich and demanded that Zurich immediately undertake its obligations under the Policy.

44. On October 2, 2024 – more than one year after the Loss – Zurich purported to improperly and untimely deny coverage to Morganti continuing to stand by its prior coverage letters erroneously stating that the damage caused by the Loss is not covered by the Policy.

45. Morganti has repeatedly demanded that Zurich acknowledge that there is coverage under the Policy for additional costs, which resulted from the Loss, and as a result of the impact to Morganti's work as a result of the Loss.

46. Despite Morganti's demands that Zurich acknowledge coverage under the Policy for Morganti's claims, Zurich has failed, refused, and neglected to acknowledge coverage and/or pay any portion of Morganti's claims.

47. Morganti was damaged, and continues to be damaged, in an amount currently estimated to be no less than $2.6 million.

48. The Loss and damage to Morganti was unforeseeable and fortuitous.

49. Morganti has satisfied all conditions precedent to the maintenance of this action.

## COUNT ONE – DECLARATORY JUDGMENT

50. Paragraphs 1 through 49 of this Complaint are hereby incorporated as if fully set forth herein.

51. At all relevant times, Zurich was required to act in good faith and to treat Morganti fairly and reasonably.

52. For good and valuable consideration, Zurich issued the Policy for the Project.

53. Morganti was an Insured under the Policy at the time of the Loss.

54. The Policy covers the Loss and Morganti's resulting damages.

55. Under the Policy, Zurich is liable for all of the monetary damages that Morganti has suffered as a result of the Loss, including, without limitation, repair and remediation costs,

additional costs of performance, acceleration costs, and additional costs resulting from the impacts of the Loss on Morganti's work.

56. An actual and justiciable controversy exists between Morganti and Zurich with respect to whether, as a result of the Loss, coverage is provided under the Policy; and whether Zurich is obligated to compensate Morganti pursuant to the Policy.

57. The parties are in need of a judgment declaring Morganti's rights, and Zurich's duties, under the Policy.

58. Therefore, this Court should issue a declaration that:

    a. Morganti is an Insured under the Policy;

    b. The Policy covers the Loss and Morganti's damages; and

    c. Zurich's failure and refusal to provide coverage for the Loss and Morganti's damages constitutes a breach of the Policy.

## COUNT TWO - BREACH OF CONTRACT

59. Paragraphs 1 through 58 of Count One of this Complaint are hereby incorporated as if fully set forth herein.

60. The Policy is a binding and enforceable contract between Morganti and Zurich.

61. Morganti is an Insured under the Policy.

62. At all times relevant, the Policy was in full effect.

63. The Policy covers the Loss and Morganti's resulting damages.

64. Pursuant to the terms of the Policy, Zurich was to provide coverage for the risk of physical loss or damage to the Project, including to Morganti's work.

65. Pursuant to the terms of the Policy, Morganti made valid claims under the Policy for physical loss or damage resulting from the Loss.

66. Zurich, and its agents, have ignored and have refused to timely respond to Morganti's claim.

67. Zurich, and its agents, unreasonably delayed adjustment of Morganti's claim.

68. Zurich has failed and refused to pay or advance any funds to Morganti for the Loss.

69. Zurich failed to timely respond to Morganti's claim.

70. Zurich untimely issued a reservation of rights letter.

71. Zurich untimely issued a letter purporting to deny coverage.

72. Zurich further delayed the Project, and caused additional harm to Morganti, by failing to timely respond to Morganti's claim, failing to timely adjust the Loss, failing to timely and properly investigate the claim and failing to pay or advance any funds to Morganti for its claim.

73. Zurich has failed, refused and neglected to acknowledge coverage to Morganti for the physical loss or damage caused by the Loss or for the resulting damage.

74. Despite requests by Morganti, Zurich has, in breach of the Policy, failed and refused to acknowledge that the Loss is covered or to pay Morganti's claims.

75. Zurich wrongfully refused to cover the Loss and pay Morganti's claims, despite acknowledging that portions of the Loss are covered by the Policy.

76. Zurich wrongfully withheld insurance proceeds due to Morganti for the covered losses and damages to Morganti and the Project under the Policy.

77. Zurich's refusal and/or failure to pay covered claims constitutes a breach of the Policy.

78. As a result of Zurich's breach, Morganti has been and continues to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, The Morganti Group, Inc., respectfully prays for the following relief:

1. A judgment declaring that Morganti's claims are covered by the Policy, and that Zurich is liable to Morganti under the Policy in amounts which will be made to appear, together with interest thereon and costs; and

2. Compensatory and consequential damages in an amount to be proven at trial but believed to be in excess of $2,600,000.00;

3. Attorney's fees and costs;

4. Pre-judgment and post-judgment interest;

5. Any other relief that this Court deems fair, just, and equitable.

## JURY DEMAND

Plaintiff, The Morganti Group, Inc., demands a trial by jury on all issues so triable.

Dated:  May 12, 2025
        Hartford, CT                HINCKLEY, ALLEN & SNYDER LLP

                                    By:   */s/ Peter J. Martin*
                                          Peter J. Martin (PM2359)
                                          20 Church Street, 18th Floor
                                          Hartford, Connecticut 06103
                                          P: (860) 725-6200
                                          E: pmartin@hinckleyallen.com

                                          Christopher V. Fenlon (CF6305)
                                          30 South Pearl Street, Suite 1101
                                          Albany, New York 12207
                                          P: (518) 396-3100
                                          E: cfenlon@hinckleyallen.com

                                          *Attorneys for Plaintiff*
                                          *The Morganti Group, Inc.*