

20 Church Street
Hartford, CT 06103

p: 860-725-6200   f: 860-278-3802
hinckleyallen.com

Peter J. Martin, Partner
Direct: 860-331-2726
*pmartin@hinckleyallen.com*

November 24, 2025

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

The request for a stay of this case is GRANTED.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

November 25, 2025

RE:    **The Morganti Group, Inc. v. Zurich American Ins. Co.**
       **C.A. No. 1:25-cv-03924**

Dear Judge Liman:

We represent the Plaintiff, The Morganti Group, Inc. ("Morganti"), in the above-referenced action. We write with consent of the Defendant, Zurich American Insurance Co. ("Zurich"), to request a Stay of this action on the grounds that there is another action filed by Morganti's subcontractor and non-party, J&A Concrete Corp. (J&A"), pending in New York state court against Morganti and Zurich arising from the same loss under the same insurance policy.[1] J&A's claim in that state court action is included in Morganti's damages in this action. Morganti believes that settlement with the plaintiff in the state court action would fully dispose of this case as well. If the Court is disinclined to Stay this action, we respectfully request a second 90-day extension of the scheduling order. We are applying for a Stay by letter because this request is on consent of all parties; however, please let us know if Your Honor requires the parties to file a formal motion.

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Joiner v. NHL Enterprises, Inc.*, 2024 WL 639422 (S.D.N.Y. 2024) citing *Poppel v. Rockefeller Univ. Hosp.*, 2019 WL 3334476 (S.D.N.Y. 2019). Indeed, "[a] district court may stay an action pursuant to 'the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.'" *Readick v. Avis Budget Group, Inc.*, No. 12 Civ. 3988 (PGG), 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

---

[1] The parties previously requested an extension of the scheduling order, or in the alternative a stay, because they had agreed to a settlement in principle. In response, the court granted a 90-day extension. Since that time, however, J&A filed an amended pleading in the state court action to add a claim against Zurich in connection with the same insurance policy and loss at issue here. Adding Zurich to the state court action has complicated the parties' ability to conclude the settlement in this matter. To that end, Morganti is actively pursuing settlement discussions with J&A, and Zurich will be moving to dismiss the amended complaint against it in the state court action. The parties remain cautiously optimistic that this will allow the settlement in this matter to be completed.

United States District Court
November 24, 2025
Page 2

Courts in the Second Circuit apply the following factors when deciding a motion to stay a civil action: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015).

Courts routinely exercise their power to grant a stay when a settlement could affect the case. *See Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509 (S.D.N.Y. 2017). In addition, courts routinely exercise their power to grant a stay pending disposition of another case that could affect the outcome. *See Goldstein v. Time Warner N.Y.C. Cable Group*, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998).

Similarly, "[w]here it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court." *In re Literary Works in Electronic Databases Copyright Litigation*, 2001 WL 204212 (S.D.N.Y. 2001).

As set forth below, the Court should stay this case while the parties attempt to negotiate a settlement of the lawsuit pending in the Bronx County Supreme Court under Index No. 813988/2025E (the "State Court Action") by Morganti's subcontractor and non-party, J&A, against Morganti and Zurich which arises from the same facts and under the same insurance policy, and which is included as part of Morganti's damages herein. We believe that a settlement of the claim by J&A in the State Court Action would result in full resolution of this case.

By way of background, this is an insurance coverage case arising from a construction project. Morganti served as the prime contractor on a construction project known as PS 138X (Bronx), located at 2060 Lafayette Avenue, Bronx, New York (the "Project"). J&A was a subcontractor to Morganti. On behalf of the Project owner, Zurich furnished an Owner-Controlled Insurance Program policy, which included first-party Builder's Risk property insurance policy (the "Policy"). Morganti is an additional insured under the Policy and we understand that J&A contends it also is an additional insured under the Policy.

In connection with the Project, J&A was tasked with, among other things, engineering and constructing formwork (*i.e.* molds into which concrete is precast or cast-in-place) and pouring concrete. J&A's pouring of a concrete slab on July 7, 2023 at the roof level of the Project resulted in property damage (the "Loss").

Morganti submitted a claim to Zurich under the Builder's Risk policy for damages sustained due to the Loss. Morganti's claim included a pass-through claim from J&A relating to the Loss. Zurich denied Morganti's claim based on what it contends was an exclusion in the Policy. Morganti thereafter commenced this action on May 12, 2025 seeking $2.6 million in damages against Zurich under the Policy.

United States District Court
November 24, 2025
Page 3

As noted, Morganti and Zurich have agreed in principle to a settlement framework to resolve this action. However, on October 22, 2025, J&A filed a cause of action against Zurich in the State Court Action (see Index No. 813988/2025E, Dkt. 23, Amended Complaint). J&A's claim arises from the Loss and is included within Morganti's claim against Zurich in this action. The State Court Action also involves other claims and counterclaims arising out of the subcontract entered between Morganti and J&A for the Project. Morganti and J&A are presently engaged in settlement negotiations and are working toward positioning the dispute for a mediation. The parties believe that a settlement of J&A's claim in the State Court Action would result in full resolution of this case.

The parties would like to avoid expending the cost and of the court's resources in litigating this action at this time and instead allow Morganti and J&A additional time to further their settlement discussions in an effort to reach a full resolution of that dispute and, in turn, a full resolution of this action.

All of the factors relevant to a Stay are met here. Factors one and two, the private interests of plaintiff and defendant, are clearly met as the parties are jointly requesting this stay. Factor three, the interest of the court, weighs in favor of a stay because settlement of the claim in the State Court Action arising from the Policy would likely fully resolve this action, thus saving judicial resources. Finally, no non-parties or members of the public would be prejudiced or even affected by a stay, as this is a private first-party insurance matter between sophisticated contractors and a sophisticated insurer.

Thank you for the Court's consideration of this request and attention to this matter.

Respectfully,

HINCKLEY, ALLEN & SNYDER LLP

Peter J. Martin

Peter J. Martin

PJM/mmk
cc:    All Counsel of Record

70134889 077064/0198068